## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JESSE ANTOINE PERSON,<br><br>Defendant. | Criminal Action No. TDC-16-0445 |

## MEMORANDUM ORDER

Defendant Jesse Antoine Person has filed an Emergency Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. 60. After pleading guilty to possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1), Person was sentenced on April 7, 2017 to 84 months of imprisonment to be followed by three years of supervised release. Person is presently designated to Federal Correctional Institution Schuylkill ("FCI-Schuylkill") in Minersville, Pennsylvania and is scheduled to be released on August 18, 2022. In his Motion, Person seeks release based on the COVID-19 pandemic and his personal health conditions, pursuant to the statutory provision within the First Step Act commonly referred to as the "compassionate release" provision.

## DISCUSSION

Ordinarily, "[t]he court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c) (2018). This general rule is subject to certain exceptions, including the compassionate release provision, which allows the Bureau of Prisons ("BOP") to seek a modification of a prisoner's sentence. *See id.* § 3582(c)(1)(A). Under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), the compassionate release provision was modified to

also allow prisoners to seek a sentencing reduction directly from the Court. The provision now provides, in relevant part, that:

> The court may not modify a term of imprisonment once it has been imposed except that:
>
> (1) in any case that—
>
>     (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>         (i) extraordinary and compelling reasons warrant such a reduction;
>
>         \* \* \*
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A). The COVID-19 pandemic can present extraordinary and compelling reasons to warrant a sentence reduction under certain circumstances, such as where a defendant has a medical or other condition that creates a high risk of death or severe illness from COVID-19 and the defendant is incarcerated at a prison with a particularly high incidence of COVID-19. Person, who is 43 years old, asserts that he is obese and thus is at a high risk for severe illness from COVID-19. The Centers for Disease Control and Prevention has identified obesity as a condition that can make an individual "more likely to get severely ill from COVID-19." *See People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Aug. 16, 2021). Based on his stated

2

body mass index, Person would be classified as having obesity. Notably, however, based on submitted medical records, Person previously contracted COVID-19 in December 2020, did not have severe symptoms, and has since recovered.

Although FCI-Schuylkill previously had a significant number of cases of COVID-19, it presently has no active cases among inmates or staff. *COVID-19: Coronavirus*, Bureau of Prisons, https://www.bop.gov/coronavirus/index.jsp (last visited Aug. 16, 2021). Moreover, the BOP has provided COVID-19 vaccinations to almost 600 inmates at FCI-Schuylkill. *Id.* The current conditions at the prison at which Person is incarcerated therefore do not present the level of risk that existed early in the COVID-19 pandemic. Accordingly, even with his high-risk medical condition, where Person previously had COVID-19 and recovered, and where vaccinations are now available at FCI-Schuylkill and there are no active cases of COVID-19 there, he has not demonstrated "extraordinary and compelling reasons" to warrant a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i). Accordingly, the Court will deny the Motion seeking compassionate release under the First Step Act.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Person's Emergency Motion for Compassionate Release, ECF No. 60, is DENIED.

Date:  August 16, 2021

THEODORE D. CHUANG
United States District Judge